IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

In re:                                    Civ. No. 05-1044-AA
                                          Case No. 04-31695-elp7
EARLENE MAYE BOYUM,
                                                    ORDER
        Debtor.

AIKEN, Judge:

Appellant Earlene Boyum appeals a ruling of the United States Bankruptcy Court. The bankruptcy court found that the property of the Chapter 7 estate included non-exempt equity in appellant's vehicle created by paydown of the vehicle loan during the pendency of Chapter 13 proceedings. Accordingly, the bankruptcy court granted the bankruptcy trustee's Motion to Turn Over Property. For the reasons given below, the decision of the bankruptcy court is reversed.

1 - OPINION AND ORDER

## STANDARD

The bankruptcy court's findings of fact shall not be set aside unless clearly erroneous. Fed. R. Bankr. P. § 8013. Issues of law are reviewed *de novo*, as are mixed questions of law and fact. In re Bammer, 131 F.3d 788, 792 (9th Cir. 1997); In re Jodoin, 209 B.R. 132, 135 (9th Cir. B.A.P. 1997). The issue before the court in the instant case is purely legal and is therefore reviewed *de novo*.

## FACTUAL BACKGROUND

On February 27, 2004, appellant filed for bankruptcy protection under Chapter 13. In her petition, she listed as part of her assets a Subaru Forester, subject to a security interest held by Forest Park Credit Union in the amount of $9,954.57. On May 27, 2004, appellant's Chapter 13 plan was confirmed. Under the plan, appellant was to make her regular payments on the Subaru directly to the credit union, i.e., outside of the plan. During the Chapter 13 case, appellant made payments totaling $2,505.75 to the credit union.

On September 26, 2004, plaintiff moved to convert her bankruptcy case to Chapter 7, and on October 6, 2004, the motion was granted. At the time of conversion, the balance due on the Subaru loan was $7,767.71.

On January 4, 2005, the trustee determined that the Chapter 7 case was an "asset case" and issued a Notice of Time to File

2 - OPINION AND ORDER

Claims. On January 5, 2005, the trustee filed a motion to require appellant to turn over the Subaru Forester.

On February 8 and March 1, 2005, the bankruptcy court held hearings on the trustee's motion and accepted the parties' stipulation that the value of the Subaru was $13,100. After the hearings, the bankruptcy court granted the trustee's motion and issued an Order to Turn Over Property. Appellant then filed this appeal.

## DISCUSSION

The issue presented in this appeal is whether equity in a vehicle created by a debtor's pay-down of the vehicle loan while in Chapter 13 proceedings becomes part of the Chapter 7 estate upon conversion. The bankruptcy court ruled that the equity in appellant's vehicle created through payments to the credit union after the Chapter 13 petition was filed belonged to the estate. Appellant maintains that such equity in the Subaru was not property of the estate at the time she filed her Chapter 13 petition, and that it therefore should not be considered part of the Chapter 7 estate upon conversion. I agree.

The relevant Bankruptcy Code provision provides that when a Chapter 13 bankruptcy is converted to a Chapter 7 bankruptcy, "property of the estate in the converted case shall consist of property of the estate, *as of the date of filing of the petition*, that remains in the possession of or is under the control of the

3 - OPINION AND ORDER

debtor on the date of conversion." 11 U.S.C. § 348(f)(1)(A) (emphasis added). Further, "valuations of property and of allowed secured claims in the chapter 13 case shall apply in the converted case, with allowed secured claims reduced to the extent that they have been paid in accordance with the chapter 13 plan." Id. § 348(f)(1)(B). If § 348(f)(1)(B) applied, the amount of the secured claim on the Subaru would be reduced in accordance with payments made on the loan under Chapter 13, with appellant receiving the benefit of that reduction. However, as brought before this court, the issue is whether the equity created during Chapter 13 is "property of the estate" under § 348(f)(1)(A).

In this case, Judge Perris followed the decision of Judge Radcliffe in In re Peter, 309 B.R. 792, 795 (Bankr. D. Or. 2004) and found that § 348(f)(1)(A) does not limit property of the estate to the equity in such property as of the Chapter 13 filing. Excerpt of Record, pp. 59-60. In his ruling, Judge Radcliffe noted that § 348(f)(1)(B) takes account of a debtor's efforts to satisfy debts under Chapter 13, presumably by reducing allowed secured claims "to the extent that they have been paid in accordance with the chapter 13 plan." 11 U.S.C. § 348(f)(1)(B); In re Peter, 309 B.R. at 795. Therefore, he found that "property of the estate" as set forth in § 348(f)(1)(A) was unambiguous and its plain meaning included equity created in a vehicle prior to conversion if the debtor retained possession of the vehicle. Id.

4 - OPINION AND ORDER

Plaintiff urges the court to adopt the reasoning in In re Nichols, 319 B.R. 854, 856-57 (Bankr. S.D. Ohio 2004), where the bankruptcy court found that § 348(f)(1)(A) was ambiguous as to whether it included equity created in property during Chapter 13, because the statutory definition of "property of the estate" set forth in § 541 excludes earnings for a debtor's services obtained after the Chapter 13 petition.[1] 11 U.S.C. § 541(a)(6). Thus, the Nichols court reasoned that if post-petition earnings and property acquired with such earnings were excluded from the estate upon conversion to Chapter 7, it remained unclear whether § 348(f)(1)(A) excluded equity created after the filing of the Chapter 13 petition through payments in accordance with the Chapter 13 plan. In re Nichols, 319 B.R. at 856-57. The court relied on the legislative history of the statute and determined that such equity was intended to be excluded from the Chapter 7 estate upon conversion. Id. at 857.

---

[1] During the hearing, Judge Ferris remarked that the exclusion of post-petition earnings in § 541(a)(6) did not necessarily create an ambiguity in the meaning of § 348(f)(1)(A), because § 1306 includes as property of the Chapter 13 estate "earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12." 11 U.S.C. § 1306(a)(2); Excerpt of Record, p. 60. However, § 1306 does not apply upon conversion from Chapter 13 to Chapter 7; instead § 348(f)(1)(A) governs what comprises the "property of the estate," and post-petition earnings do not become property of the estate upon conversion from Chapter 13 to Chapter 7. See In re Young, 66 F.3d 376, 378-79 (1st Cir. 1995); In re Stamm, 222 F.3d 216, 217-18 (5th Cir. 2000).

5 - OPINION AND ORDER

Although § 348(f)(1)(A) deems all "property of the estate" upon conversion to Chapter 7 to include property of the estate at the time of the Chapter 13 petition (if still in the possession of the debtor), the statute does not indicate whether equity in such property that did not exist at the time of the Chapter 13 filing should nevertheless be considered property of estate for Chapter 7 purposes. Thus, I respectfully disagree with Judge Radcliffe's finding that the plain meaning of the statute includes all equity in the property.

Indeed, § 541 defines property of the estate as "all legal or equitable interests of the debtor in property as of the commencement of the case," making clear that the estate's interest in property is limited to that of the debtor. 11 U.S.C. § 541(a)(1). Furthermore, § 348(f)(1)(A) specifically limits the property of the estate upon conversion to the property of the estate, i.e, the debtor's interest in the property, as of the date the Chapter 13 petition was filed. Therefore, to the extent that appellant acquired equity in the Subaru Forester after the filing her Chapter 13 petition, such equity is not property of the estate upon conversion to Chapter 7. See In re Woodland, 325 B.R. 583, 586 (Bankr. W.D. Tenn. 2005) ("Since property of the Chapter 7 estate relates back to what was property of the bankruptcy estate when the Chapter 13 was commenced and since the Debtor still has the vehicle in his possession, the present 'equity' in the vehicle

6 - OPINION AND ORDER

does not belong to the Chapter 7 trustee or to unsecured creditors of this estate.").

At the least, the statute is ambiguous as to whether equity created during Chapter 13 becomes property of the estate upon conversion, given that post-petition earnings and property acquired before conversion are not considered property of the estate. Thus, § 348(f)(1)(A) must be interpreted in light of its legislative purpose, which was to resolve the split of authority regarding whether property and earnings acquired after a Chapter 13 filing became property of the estate upon conversion. See In re Young, 66 F.3d at 378-79. As noted by several courts, Congress amended the Bankruptcy Act in 1994 to protect property, earnings, and equity interests acquired during the pendency of Chapter 13 proceedings to encourage Chapter 13 filings. See, e.g., In re Woodland, 325 B.R. at 585; In re Nichols, 319 B.R. at 856-57; Warren v. Peterson, 298 B.R. 322, 324-25 (N.D. Ill. 2003); In re Archie, 240 B.R. 425, 431-32 (Bankr. S.D. Ala. 1999); In re Pearson, 214 B.R. 156, 164 (Bankr. N.D. Ohio 1997) ("The legislative history makes clear that Congress was concerned that debtors would be counseled to file Chapter 7 cases rather than Chapter 13 cases because, in the event the plan could not be completed and the debtor would have to convert to Chapter 7, debtors would lose any equity in the collateral they may have gained by making payments on the secured claim during the Chapter 13.").

7 - OPINION AND ORDER

I find the legislative intent particularly applicable to this case, where equity in the vehicle was created by appellant's paydown of the vehicle loan. To deny appellant the benefit of those payments does not comport with the plain meaning of or policy underlying § 348(f)(1)(A).

CONCLUSION

For the reasons stated above, the Bankruptcy Court's decision is REVERSED.

DATED this ____ day of ~~August~~ September, 2005.

_____
Ann Aiken
United States District Judge

8 - OPINION AND ORDER